IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEMORY CONTROL ENTERPRISE, LLC,<br><br>                   Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br>KEDS, LLC and YAMAHA MOTOR<br>CORPORATION, U.S.A.,<br><br>                   Defendants. | Case No. 1:11-cv-35<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Memory Control Enterprise, LLC ("MCE") complains of Defendants Belkin International, Inc., Keds, LLC and Yamaha Motor Corporation, U.S.A. as follows:

### NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

### PARTIES

2. Memory Control Enterprise, LLC ("MCE") is an Illinois limited liability company that has a principal place of business at 82A Railroad Street, Crystal Lake, Illinois 60014. MCE owns United States Patent No. 6,704,791 B1 ("the '791 Patent"), entitled "Three Dimensional Experience For Thick and Thin Clients," which issued on March 9, 2004. MCE has the exclusive right to license and enforce the '791 Patent and to collect all damages for infringement. MCE also has standing to sue for infringement of the '791 Patent.

3. Belkin International, Inc. ("Belkin") is a Delaware corporation that has its principal place of business at 12045 East Waterfront Drive, Playa Vista, California, 90049.

4. Belkin owns, operates and conducts business through its website www.belkin.com, as well as through retail stores, such as Best Buy, OfficeMax and RadioShack, located in this judicial district and throughout the United States. Belkin is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents in this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

5. Keds, LLC ("Keds") is a Massachusetts limited liability company that has its principal place of business at 191 Spring Street, Lexington, Massachusetts, 02421.

6. Keds owns, operates and conducts business through its website www.keds.com, as well as through retail stores, such as Nordstrom, Sears, Finish Line and DSW, located in this judicial district and throughout the United States. Keds is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents in this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

7. Yamaha Motor Corporation, U.S.A. ("Yamaha") is a California corporation that has its principal place of business at 6555 Katella Avenue, Cypress, California, 90630. Yamaha is registered to do business in the State of Illinois as Yamaha Motor Corporation, U.S.A.

8. Yamaha owns, operates and conducts business through its website www.starmotorcycles.com, as well as through Yamaha dealers, such as Chicago Cycle,

Highlands Yamaha, Des Plaines Yamaha and DGY Motorsports, located in this judicial district and throughout the United States. Yamaha is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents in this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

**VENUE**

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**CLAIMS FOR PATENT INFRINGEMENT**

10. Belkin has indirectly infringed and continues to indirectly infringe at least claims 6 and 9 of the '791 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Belkin has had knowledge of the '791 Patent by at least November 22, 2010 when MCE wrote to Belkin and provided a copy of the '791 Patent and actual notice of infringement of at least claims 6 and 9. Belkin has knowingly and actively induced infringement of at least claims 6 and 9, for example, by creating, providing and promoting its www.belkin.com website, and by instructing, aiding, assisting and encouraging the use of its server computer upon which its www.belkin.com website resides in a manner that infringes at least claims 6 and 9 of the '791 Patent. The direct infringers of those claims that are being induced by Belkin include, without limitation, its customers and users that use a server computer upon which the www.belkin.com website resides.

11. Belkin has also indirectly infringed and continues to indirectly infringe at least claims 6 and 9 of the '791 Patent under 35 U.S.C. § 271(c) through, among other things, making and/or using the server computer upon which its www.belkin.com website resides and by

3

instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the use of its www.belkin.com website and the server computer on which it resides, which constitutes a material part of the patented apparatuses of claims 6 and 9 of the '791 Patent, which Belkin knows are especially made or adapted for use in an infringement of at least claims 6 and 9 of the '791 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Belkin's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers and users of the server computer upon which the www.belkin.com website resides.

12. Keds has indirectly infringed and continues to indirectly infringe at least claims 6 and 9 of the '791 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Keds has had knowledge of the '791 Patent by at least November 22, 2010 when MCE wrote to Keds and provided a copy of the '791 Patent and actual notice of infringement of at least claims 6 and 9. Keds has knowingly and actively induced infringement of at least claims 6 and 9, for example, by creating, providing and promoting its www.keds.com website, and by instructing, aiding, assisting and encouraging the use of its server computer upon which its www.keds.com website resides in a manner that infringes at least claims 6 and 9 of the '791 Patent. The direct infringers of those claims that are being induced by Keds include, without limitation, its customers and users that use a server computer upon which the www.keds.com website resides.

13. Keds has also indirectly infringed and continues to indirectly infringe at least claims 6 and 9 of the '791 Patent under 35 U.S.C. § 271(c) through, among other things, making and/or using the server computer upon which its www.keds.com website resides and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for

4

and/or encouraging the use of its www.keds.com website and the server computer on which it resides, which constitutes a material part of the patented apparatuses of claims 6 and 9 of the '791 Patent, which Keds knows are especially made or adapted for use in an infringement of at least claims 6 and 9 of the '791 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Keds's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers and users of the server computer upon which the www.keds.com website resides.

14. Yamaha has indirectly infringed and continues to indirectly infringe at least claims 6 and 9 of the '791 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Yamaha has had knowledge of the '791 Patent by at least November 22, 2010 when MCE wrote to Yamaha regarding the www.starmotorcycles.com website and provided a copy of the '791 Patent and actual notice of infringement of at least claims 6 and 9. Yamaha has knowingly and actively induced infringement of at least claims 6 and 9, for example, by creating, providing and promoting its www.starmotorcycles.com website, and by instructing, aiding, assisting and encouraging the use of its server computer upon which its www.starmotorcycles.com website resides in a manner that infringes at least claims 6 and 9 of the '791 Patent. The direct infringers of those claims that are being induced by Yamaha include, without limitation, its customers and users that use a server computer upon which the www.starmotorcycles.com website resides.

15. Yamaha has also indirectly infringed and continues to indirectly infringe at least claims 6 and 9 of the '791 Patent under 35 U.S.C. § 271(c) through, among other things, making and/or using the server computer upon which its www.starmotorcycles.com website resides and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for

and/or encouraging the use of its www.starmotorcycles.com website and the server computer on which it resides, which constitutes a material part of the patented apparatuses of claims 6 and 9 of the '791 Patent, which Yamaha knows are especially made or adapted for use in an infringement of at least claims 6 and 9 of the '791 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Yamaha's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers and users of the server computer upon which the www.starmotorcycles.com website resides.

16. The acts of infringement of the '791 Patent by each of the defendants have injured MCE, and MCE is entitled to recover damages adequate to compensate it for such infringement from each defendant, but, in no event less than a reasonable royalty.

17. Further, the acts of infringement of the '791 Patent by each of the defendants have injured and will continue to injure MCE unless and until this Court enters an injunction prohibiting further inducement to infringe and contributory infringement of the '791 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MCE respectfully requests that this Court enter judgment against each of the defendants and against their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate MCE for the infringement that has occurred, together with prejudgment interest from the date infringement of the '791 Patent began, but, in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284;

B. A finding that this case is exceptional and an award to Plaintiff of its attorneys' fees and costs as provided under 35 U.S.C. § 285;

C. A permanent injunction prohibiting further inducement to infringe and contributory infringement of the '791 Patent; and

D. Such other relief that Plaintiff is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated: January 4, 2011

Respectfully submitted,

/s/ Richard B. Megley, Jr.
Raymond P. Niro
Richard B. Megley, Jr.
Brian E. Haan
Anna B. Folgers
Niro, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
Email: rniro@nshn.com
Email: megleyjr@nshn.com
Email: bhaan@nshn.com
Email: afolgers@nshn.com

***Attorneys for Memory Control Enterprise, LLC***